## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **KEVIN FRAZIER ARNOLD,** : | |
| : | |
| **Plaintiff,** : | **CIVIL ACTION FILE NO.** |
| : | **1:17-cv-01086-MHC** |
| **v.** : | |
| : | **[Magistrate Judge Baverman]** |
| **GEORGE JENKINS, JR.,** *in his* : | |
| *individual and official capacity as* : | |
| *Assistant District Attorney of* : | |
| *Fulton County*, : | |
| : | |
| **Defendant.** : | |

## **O R D E R**

This matter is presently before the Court on Plaintiff Kevin Frazier Arnold's application to proceed *in forma pauperis* ("IFP"). [Doc. 1]. After reviewing the affidavit, the Court concludes that it needs more information in order to make an informed decision about Plaintiff's indigent status.

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [or non-prisoner][1]

---

[1] Although Congress used the word "prisoner" here, Section 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system.").

Thus, § 1915 authorizes suits without the prepayment of administrative costs for indigent individuals. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[2] Instead, the statute conveys only a privilege to proceed to those litigants unable to pay costs without undue hardship. *Adkins*, 335 U.S. at 339-40. Moreover, while the privilege of proceeding *in forma pauperis* does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 34

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

(S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339; *Zuan v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

In submitting the application to proceed IFP, Plaintiff used an authorized form: *AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)*. [Doc. 1]. Plaintiff, however, did not date the form, and thus, it is impossible to determine whether the financial information he reports is current. [*See id.* at 2]. Additionally, the income and expenditures Plaintiff reports are confusing because he indicates that he pays rent in the amount of $400 per month and supports a four-year-old son, but he also reports no income, assets, debts, or financial obligations. [*See id., passim*]. It is unclear how all of these things could be true. The Court thus finds Plaintiff's application insufficient to enable it to determine whether Plaintiff is entitled to proceed IFP at this time.

As a result, the Court **ORDERS** Plaintiff, within **twenty-one (21) days** of the date of this Order, to either (1) complete and file an amended application to proceed IFP using this Court's long form, or (2) pay the full filing fee. Plaintiff is **ADVISED**

that failure to comply with this Order shall result in a recommendation to the District Court that this action be dismissed under Rule 41 of the Local Rules of this Court.

During the pendency of Plaintiff's lawsuit, he must keep the Clerk advised of his address and telephone number, and his failure to comply with this requirement shall result in a recommendation to the District Judge that his case be dismissed.

The Clerk is **DIRECTED** to mail the original affidavit and a blank copy of the Court's *Local Form 239 (Non-Prisoner Cases) (07/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)*[3] to Plaintiff by certified mail to:

> Kevin Frazier Arnold
> 970 Sidney Marcus Blvd
> Apt. #1105
> Atlanta, GA 30324

The Clerk is also **DIRECTED** to submit this action to the undersigned for further consideration in twenty-four (24) days.

**IT IS SO ORDERED and DIRECTED**, this 6th day of April, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The form is also available on the internet at http://www.gand.uscourts.gov/system/files/Local_Form_239.pdf.