RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 24 2017

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

Case 1:17-cv-01086-MHC   Document 4   Filed 05/16/17   Page 1 of 13

IN THE UNITED STATES DISTRICT COURT
NORTERN DISTRICT GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Kevin Frazier Arnold, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> George Jenkins, Jr. in his individual and ) <br> official capacity as Assistant District Attorney ) <br> of Fulton County, ) <br> ) <br> Defendant. ) | Civil Action No.: <br> <br> **1:17-CV-1086** |

## COMPLAINT

Plaintiff Kevin Frazier Arnold (hereinafter "Arnold") hereby brings this Complaint seeking damages, declaratory and injunctive relief for the violations of his First, Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution and corollary rights under the Georgia Constitution, and for defamation, false imprisonment and malicious prosecution by ADA George Jenkins, Jr / Fulton County District Attorneys' Office after Arnold was jailed and prosecuted under indictment #14SC125252 for Burglary under GA Code § 16-7-1 .

## JURISDICTION AND VENUE

This action arises under the authority vested in the court by virtue of 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367 (pendant jurisdiction). Venue is proper in this Court.

1

## PARTIES

1.  Kevin Frazier Arnold is a resident of Fulton County, Atlanta Georgia who was falsely imprisoned, subjugated to intentional malicious prosecution and cruel and unusual punishment under the state sanctioned weight of documented prosecutorial perjury, and violations of his Constitutional Rights. Nolle Prosequi agreements signed under coercion and duress following documented judicial and prosecutorial threats before and after Arnold asserted his rights by filing Pro Se motions for a Speedy Trial.

2.  George Jenkins, Jr acting Assistant District Attorney (hereafter "ADA Jenkins") provided all courtroom testimony on behalf of the prosecution. Ns witness was ever brought to testify in court. ADA Jenkins provided the same rehearsed, perjured testimony on two separate court dates, and hid exculpatory evidence, thereby, is not protected by prosecutorial immunity in this civil filing. ADA Jenkins was acting under color of state law during the relevant facts and omissions herein, and in collusion with Superior Court Judge Ural Glanville and Public Defender Melissa Michel.

## FACTUAL ALLEGATIONS

3.  Arnold is never once questioned or interviewed about the facts of this case by any Atlanta Police Office, Detective, Prosecutor, Judge, or any of three separate Public Defenders.

2

4.         June 16, 2013.   Arnold clearly and adamantly refuses any and all proffered deals, including Pre-trial Release Program and expressly demands a Jury Trial. In sidebar, ADA Jenkins openly stomps in frustration alongside Public Defender Mellissa Michel.  Both are visibly upset by Arnold's decision to seek trial.   Judge Glanville responds to PD Melissa Michel and Assistant District Attorney George Jenkins, Jr. informing them:

Judge Glanville: "...I'll handle it..."

> During this court session, Judge Glanville refuses to hear any testimony from Arnold and refuses to review any evidence. This is Arnold's third timely court appearance without incident. (Previous court dates in May 2014 and June 2014 are not listed on the Register of Actions.)
>
> May 9, 2014 - Court postponed; rescheduled by case manager Edward Chamberlain.
>
> June 13, 2014 – Court postponed again; no arrest or mention of warrant.

5.         July 28, 2014 - Arnold is rear-ended in a three-car accident and, after hospitalization, remanded into custody for outstanding warrant in this case.  Arnold is jailed in extreme pain, wearing hard cervical collar and clearly injured.  Arnold is denied proper medical care and pain medication for the entirety of incarceration. Arnold suffers from severe concussion headaches, excruciating neck and back pain, nosebleeds, and is denied doctor ordered hospital follow-up visit.  Due to Inactive Emergency Call Response System in

Fulton County jail, and innappropriate bedding due to overcrowding, Arnold is again injured after a subsequent fall and left unconscious on floor for hours without medical treatment.

6.  May 2014 - Judge Glanville refuses to answer Fulton County Jail Magistrate inquiries for bond, thus denying Arnold proper medical care for two additional weeks.

7.  May 20, 2014. Closed Court. Arnold is medicated and restrained in a soft cervical collar due to car accident, and requiring a single crutch from documented injuries suffered at the Fulton County jail.

In an illegally closed court, Judge Glanville and ADA Jenkins both watch as Public Defender Amanda Grantham literally punches Arnold in the side on two separate occasions as she states:

PD Grantham: " Don't talk, or.. he'll get mad." -- in reference to Judge Glanville's infantile temper.

Judge Glanville waves off Arnold, refusing to hear any medical requests or any testimony. Arnold had copies of Inmate Medical Requests with him and maintains all medical records. Arnold is further not allowed to discuss conditions of bond and denied international travel for employment for proper legal assistance.

4

Judge Glanville leads ADA Jenkins, questioning him, as ADA Jenkins intentionally provides fabricated testimony on behalf of a complainant who has never appeared in court. ADA Jenkins illegally informs Judge Glanville of how the complainant wants the case handled:

ADA Jenkins: "She doesn't want him to go to jail, she wants this handled through Pre-trial Release." (Judicial and prosecutorial coercion as a means of intimidation. ADA Jenkins will later repeat this same perjured testimony at another court hearing.)

In several documented emails with Superior Court reporters Amy McKee and Yoranda Said, the plaintiff Arnold has been refused access to court transcripts. Judge Glanville has refused to release the transcripts for this court date.

8. Violation Canon 1. May 20, 2014. In an illegally Closed Court. Judge Glanville sets bond at $10,000 for an indigent inmate, and orders the obviously injured Arnold to wear an ankle-monitor with a set curfew. ADA Jenkins' perjured testimony and Glanville's solely punitive bond cause the defendant to be denied proper medical care for an additional ten days, and Judge Glanville expressly denies Arnold the right to international travel for work.

9. After release, the Defendant is unable to have doctor ordered MRI, disallowed any prescribed pain medication, and other desperately needed

5

medical examinations because of the attached ankle-monitor. Injured defendant is also forced to miss medical appointments because of the accelerated Pre-trial Release requirements ordered by Judge Glanville even after a cash bond was tendered.

10. Violation Canon 1: September 15, 2014. Once again, Glanville leads ADA Jenkins, questioning him, as Jenkins blatantly provides perjured testimony on behalf of a complainant who has still never appeared in court. In the same rehearsed testimony, AD Jenkins informs Glanville of how the complainant wants the case handled.

AD Jenkins.: "She doesn't want him to go to jail, she wants this handled through Pre-trial Release." [Judicial and prosecutorial coercion--there is absolutely no chance of a trial.]

A Notarized Witness Affidavit is submitted completely exonerating Arnold and proving the state had absolutely no probable cause. ADA Jenkins and Judge Glanville, once again, completely ignore this affidavit. (Arnold owns all of the alleged stolen items, and the police report clearly states that the complainant admits that she did not see the Defendant take several of the items listed in the indictment.)

After a court recess, Arnold is not allowed to return to the courtroom while Judge Glanville, ADA Jenkins and PD Melissa Michel enter a Dead Docket Order. The order was entered without the Defendant's knowledge or consent, and the still injured Defendant is

6

forced to continue to attend Pre-trial Release appointments. Again, the Defendant adamantly requests a trial.

11.   Violation Canon 1: Judge Glanville provides fabricated evidence to enter Dead Docket Order and further intentionally denies the Defendant's right to a fair and impartial trial, delaying until June 19th, 2015.

12.   December 15, 2014. Due to the blatant judicial and prosecutorial malfeasance in this case Arnold is forced to file a Pro Se Demand for A Speedy Trial. This motion lists canon violations, prosecutorial perjury, and ineffective counsel. Arnold also contacts the Public Defender's Office Supervisor Anne Watson, and refuses any further legal representation by PD Melissa Michel.

13.   December 2014. PD Melissa Michel files motion to withdraw as attorney of record.

14.   Multiple Violations Canon 1: December 2014

   Judge Glanville refuses to answer to Pro se Speedy Trial Demand, instead displaying erratic behavior in several outbursts directed at Arnold:

   Judge Glanville: "You had no right to file a complaint against Attorney Michel!"
   (There has been clear and fully documented evidence of ineffective counsel & judicial misfeasance.)

15.       Violation Canon 1: Illegal Judicial Threats & Coercion

Arnold informs the court that their illegal delay is a hindrance to providing medical care for the Arnolds ill two-year old son. In an egregious response:

Judge Glanville: "You won't be able to take care of your son at all if I give you twenty years for burglary!..."

Arnold calmly responds: I'm innocent."

Judge Glanville: "...Innocent people go to jail all the time!" Comment also directed toward ADA Jenkins who nods emphatically in confirmation.

Judge Glanville: "...I could put you on the court calendar, but I'll make sure you don't go to trial for another year..."

Barking at Public defender Michel,

Judge Glanville: " Has he attended Pre-trial Sevices...?!"

In a fearful response, Attorney Michel is forced to lie and say that Arnold is still attending Pre-trial services. By illegally not allowing Arnold back into the courtroom on September 15th, 2014 (and the incompetent counsel of Attorney Michel) Arnold never received formal instructions for the duration of Pre-trial attendance. Arnold had not attended Pre0trial Services since that court date, thus leaving him open to the whims of an erratic judge and prosecutor

.

8

Canon Violation 1. In a finial display of erratic behavior, Judge Glanville allows the Case Manager into the bench huddle to determine additional punitive measures of fifty-hours of Community Service. (Arnold is still injured and receiving treatment for the automobile accident.) Arnold is finally forced to sign Nolle Prosequi under coercion & duress.

## **PROBABLE CAUSE**

16. In a Section 1983 Federal Malicious Prosecution claim, a plaintiff must show that: (1) the defendant is a state actor; (2) the defendant initiated a criminal proceeding; (3) the criminal proceeding ended in plaintiff's favor; (4) the proceeding was initiated without probable cause; (5) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (6) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3rd Cir. 2003); *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007).

17. Arnold owned all property listed as stolen in the indictment, had full rights and access to the dwelling, and had not been served with any eviction notices or restraining orders. Police reports, and witness affidavits will confirm these facts. No Police Officer, Judge, Prosecutor or Public Defender researched any of these irrefutable facts. No crime was committed under GA Code § 16-7-1 as follows:

18.        GA Code § 16-7-1

(a) As used in this Code section, the term:

(1) "Dwelling" means any building, structure, or portion thereof which is designed or intended for occupancy for residential use.

(2) "Railroad car" shall also include trailers on flatcars, containers on flatcars, trailers on railroad property, or containers on railroad property.

(b) A person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another or any building, vehicle, railroad car, watercraft, aircraft, or other such structure designed for use as the dwelling of another.

**TIME BARRED DEFENSE**

19.        The filing of a nolle prosequi by the prosecutor and dismissal of the action by the trial court constitutes prima facie a termination of the prosecution in favor of the person arrested. Such a termination is sufficient to commence the running of the statute subject to the right of

10

the state to reinstate the action within the six-month period. See Cain v. Kendrick, 199 Ga. 147 (33 SE2d 417). Since no further action was taken in this case by the state to reinstate the indictment, the original nolle prosequi progressed from a prima facie termination of the action to a conclusion of finality. Further, since the state took no action following the nolle prosequi to toll the statute, the provisions of Code § 3-1004 apply from March 27, 2015. This civil action was filed on March 24. 2017, three days before the tolling of the statute of limitations.

20. Any legal order signed under coercion and duress is void.

## Claim for Relief 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendment.

21. Plaintiff Arnold hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

22. Defendant ADA Jenkins encouraged and caused the criminal charges and prosecution to be brought, not out of a belief that probable cause existed for their issuance, but rather for unconstitutional purposes and to attempt to punish Plaintiff Arnold.

23.     Defendant Jenkins arrest of Arnold was not supported by probable cause and flagrantly continued Arnold's prosecution after it was apparent that he was innocent.

24.     Arnold was seized pursuant to legal process that was not supported by probable cause and the criminal proceedings have terminated in her favor.

## Jury Trial Demand

25.   Plaintiffs demand a jury trial on all issues so triable.

## Damages and Relief

Plaintiff Arnold prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant: 30 A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; B. economic losses on all claims allowed by law; C. presumed damages for the harm to the Plaintiffs of rights that are difficult to quantify, including but not limited to violations of the right to be free from an arrest without probable cause. C. special damages in an amount to be determined at trial; D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial; E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1983, including expert witness fees, on all claims allowed by law; F. pre- and post-judgment interest at the lawful rate; G. injunctive relief, including an order to require Fulton

County Jail to bring it's Emergency Medical Care Floor/3 to operable standards, and to institute policies and procedures to prevent the repetition of the dangerous and heinous acts described herein; and H. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted March 24 ,2017.

Pro se Plaintiff

_____

Kevin Frazier Arnold


Email: R7press@aol.co.uk
Tel: 678.833.4697

<u>Mailing Address:</u>
970 Sidney Marcus Blvd.
Suite 1105
Atlanta, Ga 30324