IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KEVIN FRAZIER ARNOLD,** : | |
| : | |
| Plaintiff, : | **CIVIL ACTION FILE NO.** |
| : | **1:17-cv-01086-MHC** |
| v. : | |
| : | **[Magistrate Judge Baverman]** |
| **GEORGE JENKINS, JR.,** *in his* : | |
| *individual and official capacity as* : | |
| *Assistant District Attorney of* : | |
| *Fulton County*, : | |
| : | |
| Defendant. : | |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Plaintiff Kevin Frazier Arnold filed an application to proceed *in forma pauperis* ("IFP") on March 24, 2017. [*See* Doc. 1]. The Court reviewed the IFP application and determined that because Plaintiff had not dated the form, the form contained little information, and the little information it did contain appeared to be contradictory, the Court lacked information sufficient to determine Plaintiff's present indigency status. [Doc. 2 at 3]. Accordingly, on April 6, 2017, the Court ordered Plaintiff to file a complete and correct application to proceed IFP, using the Court's long form available at http://www.gand.uscourts.gov/system/files/Local_Form_239.pdf, or pay the Court's

AO 72A
(Rev.8/82)

filing fee. [*Id*. at 3-4]. The Court gave Plaintiff twenty-one days to comply with the Order and advised him that failure to do so would result in a recommendation to the District Judge to dismiss the action. [*Id*. at 4].

To date, Plaintiff has not responded to the Order or made any further filings, (*see* Dkt.), and on April 20, 2017, the Court's Order was returned as undeliverable, [Doc. 3]. As a result, this action is subject to dismissal. *See McIntosh v. Gauthier*, 182 Fed. Appx. 884, 886 (11th Cir. May 17, 2006) (stating that Federal Rule of Civil Procedure 41(b) allows a court to dismiss a complaint for failure to comply with a court order, with the federal rules, or with the local rules); *Sussman v. Salem, Saxon, & Nielson, P.A.*, 154 F.R.D. 294, 300 (M.D. Fla. 1994) (dismissal appropriate for "fail[ure] to obey a direct order of the court"); *see also* LR 41.2B, NDGa ("The failure of . . . a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice . . . .").

The Court has considered whether lesser sanctions would suffice in light of Plaintiff's failure to comply with its Order. However, despite more than five weeks

2

having passed since the Court's Order, Plaintiff has not paid the Court's filing fee or taken any steps to show the Court that he is in fact unable to do so.  Nor has he maintained his contact information with the Court so as to avoid delay in the management of the case.  A district court's dismissal is proper "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice."  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Moreover, "[d]ismissal is generally not an abuse of discretion when the litigant has been forewarned."  *Sussman*, 154 F.R.D. at 300; *accord Moon v. Newsome*, 863 F.2d 835, 837 n.1 (11th Cir. 1989).  Plaintiff was warned by the Court that noncompliance with the Court's Order would result in a recommendation of dismissal, [Doc. 2 at 4], and the Local Rules of this Court also clearly state that failure to maintain a current address is grounds for dismissal, LR 41.2B, NDGa.

The undersigned therefore **RECOMMENDS** to the District Judge that he **DENY** the application to proceed IFP for failure to provide current evidence of indigency and **DISMISS** the case **WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.3 of the Local Rules of this Court for Plaintiff's failure to follow the Court's lawful order.

3

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 16th day of May, 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE