FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 31 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTERN DISTRICT GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Kevin Frazier Arnold, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No.: |
| ) | 1:17-cv-01086-MHC |
| V. ) | |
| ) | |
| George Jenkins, Jr. in his individual and ) | [Magistrate Judge Baverman] |
| official capacity as Assistant District Attorney ) | |
| of Fulton County, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S
## FINAL ORDER AND RECOMMENDATION

March 24, 2017. Plaintiff Kevin Arnold was denied the right to file electronic documents, and he has been expressly told by clerk staff that pro se, non-attorneys cannot use the electronic filing system. Therefore, all orders must be delivered to the Plaintiff by mail.

March 24, 2017. Plaintiff was later called by Clerk Staff and informed that the incorrect case number was stamped on his civil filing. Clerk Staff quickly corrected this problem.

Plaintiff is in full compliance with all Federal Rules of Civil Procedure; no change of address or telephone number has occurred.

1

Case 1:17-cv-01086-MHC

The court also contends that the Plaintiff has not responded to an April 6, 2017 Court Order to file a complete and correct application to proceed IFP. No such order has been served by email, postal, certified mail or any reasonable means of delivery. The court has not proved service of this order. The Plaintiff has been in contact with Clerk Staff during April and May 2017 and was never once informed of any order dated April 6, 2017. Plaintiff was also repeatedly informed by Clerk Staff that all orders would be received by mail.

The Magistrate decision also contends that the Plaintiff was instructed by Court Order to complete IFP long form found at:
http://www.gand.uscourts.gov/system/files/Local_Form239.pdf .
 Any and all attempts to use this web address returned a landing page that stated:
"Access Denied.  You are not authorized to access this page."
 (Time-dated screen shots have been maintained as evidence.)

At the time of the original filing, the court contends that the Plaintiff did not date the submitted IFP.  Plaintiff has provided dated IFP forms with this motion--the same information is reported in regards to indigent status. Failure to date an IFP is in no way, Under Federal Rule:
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;

A district judge may modify or set aside an order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). *TFWS, Inc. v. Franchot,* 572 F.3d 186, 194 (4th Cir. 2009).

Furthermore, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded, [while a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Civ. P. 52(a);

The Court has failed to prove that the Plaintiff's claims of indigence are frivolous and without merit.

The Court claims that the Plaintiff's originally IFP was "contradictory." The Court has failed to provide any clarification or evidence of this arbitrary and capricious designation. The original submitted IFP clearly states that the Plaintiff has no physical assets, bank accounts, or wage income, and lists no additional aid from family, friends, charities, and private or public entities. The Plaintiff's earning power has been severely diminished by the misfeasance and personal injury detailed in the original civil complaint.

As a baseline, the Supreme Court has held that an applicant need not be "absolutely destitute" to qualify for IFP status. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338-40 (1948). Rather, the applicant must show that he cannot "both provide himself with the necessities of life and pay the costs of litigation." United States v. Valdes, 300 F. Supp. 2d 82, 84 (D.D.C. 2004) (denying IFP petition due to resources and income).

Several factors that may be relevant are (1) possible aid from friends or relatives, (2) possible aid from charities, (3) regular employment, (4) earning power,

(5) unencumbered assets, (6) retention of counsel, and (7) the particular cost relative to the applicant's financial means. That the applicant is receiving free legal services should not be a relevant factor. Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980).

This motion has been filed in a timely manner.

In consideration of the facts and in light of minor errors and time delay attributable to the court, the Plaintiff humbly requests the he be allowed to proceed in forma pauperis in any and all matters related to the original civil complaint filed on March 24, 2017.

Dated: May 29, 2017

Respectfully submitted,

Kevin F. Arnold
Pro Se Plaintiff

970 Sidney Marcus Blvd.
#1105
Atlanta, GA 30324
Tel: 678.833.4697
Email:R7press@aol.co.uk

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 2 4 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| Kevin Frazier Arnold | ) | |
| *Plaintiff/Petitioner* | ) | |
| v. | ) | Civil Action No. 1086 |
| George Jenkins, Jr. / ADA Fulton County | ) | 1:17-cv-1086 |
| *Defendant/Respondent* | ) | |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
(Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____.
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:

My gross pay or wages are: $ 0 , and my take-home pay or wages are: $ 0 per
*(specify pay period)* _____.

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment    ☐ Yes    ☒ No
(b) Rent payments, interest, or dividends             ☐ Yes    ☒ No
(c) Pension, annuity, or life insurance payments      ☐ Yes    ☒ No
(d) Disability, or worker's compensation payments     ☐ Yes    ☒ No
(e) Gifts, or inheritances                            ☐ Yes    ☒ No
(f) Any other sources                                 ☐ Yes    ☒ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240  (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $ N/A 0 .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

N/A 0

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

Rent $400 (in arrears)

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

Gabriel Arnold, age 4, Son

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: 3/24/2017

_____
Applicant's signature

Kevin T. Arnold
Printed name

```
              EMPLOYER NAME           EMP NUM      QTR/YR         WAGES      PAGE SURNAME




---QTR/YR TOTAL---   ---QTR/YR TOTAL---   ---QTR/YR TOTAL---   ---QTR/YR TOTAL---
4 2015        0.00   1 2016        0.00   2 2016        0.00   3 2016        0.00
TOTAL BASE         0.00      WBA    0      NUM OF WKS   0     MAX AMT          0

NO DATA FOUND FOR ENTERED SEARCH CRITERIA
PF:  1-HELP 3-PREVMENU 4-MN00 7-BKWD 8-FRWD 11-NA 13-PREVTRAN
NA:        14-MD77 16-CI50
```

Georgia Department of Labor
NOTICE AND DISCLAIMER
This Information is not a record of current earnings or evidence of current eligibility for unemployment benefits. It cannot be used for determining eligibility for other programs