IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN FRAZIER ARNOLD, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE JENKINS, JR., in his individual and official capacity as Assistant District Attorney of Fulton County, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:17-CV-1086-MHC |

## ORDER

On July 10, 2017, Magistrate Alan J. Braverman entered an Order [Doc. 9] permitting Plaintiff to proceed *in forma pauperis* in this action. The case was then referred to the undersigned for a 28 U.S.C. § 1915(e) frivolity determination.

I.  **STANDARD OF REVIEW**

A federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41. 47 (1957)). A plaintiff, however, may not simply plead facts in a complaint sufficient to find that a claim to relief is merely conceivable; instead, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The Supreme Court has also instructed that

> [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)) (other citations omitted).

## II.   **DISCUSSION**

Plaintiff's Complaint is based on his alleged malicious prosecution by Fulton County Assistant District Attorney George Jenkins, Jr. Compl. [Doc. 4] ¶¶ 1-2. Although the Complaint is somewhat hard to follow, it appears that Plaintiff was charged with the offense of burglary under O.C.G.A § 16-7-1, sometime on or about June 16, 2013, at which point he appeared in court[1] and "clearly and adamantly refuse[d] any and all proffered deals." Id. ¶ 3. Plaintiff does not appear to have been incarcerated following this court appearance; instead, he alleges that subsequent court dates related to his burglary charge in May and June of 2014 were "postponed," during which time he was neither arrested nor was he told that a warrant had been issued for his arrest. Id. ¶ 4. However, it appears that a warrant did eventually issue: according to the Complaint, Plaintiff was ultimately remanded into custody based on an outstanding warrant in his burglary case after he was hospitalized following a car accident in July 2014. Id. ¶ 5.

Plaintiff devotes the majority of his Complaint to airing a number of grievances with the judge, defense attorney, and prosecutor (Defendant) in his state case. Although few of these facts appear to have much, if any, relationship to

---

[1] It is unclear from the Complaint whether Plaintiff first appeared in court pursuant to an arrest.

3

Plaintiff's malicious prosecution claim, Plaintiff does allege in relevant part that, after his case was initially "dead docketed,"[2] he was ultimately "forced to sign Nolle Prosequi [sic] under coercion & duress." Id. ¶¶ 10, 15. Plaintiff further alleges that none of the parties involved in his case—including Defendant—took the time to "research[]" any of the "irrefutable facts" that would have shown that he did not commit burglary, that his arrest was unsupported by probable cause, and that Defendant "encouraged and caused the criminal charges and prosecution to be brought, not out of a belief that probable cause existed . . . , but rather for unconstitutional purposes and to attempt to punish Plaintiff[.]" Id. ¶¶ 17, 22-24.

Based on these facts, Plaintiff's Complaint consists of a single claim against Defendant for malicious prosecution pursuant to 42 U.S.C. § 1983.[3]

---

[2] In Georgia, the state may indefinitely postpone the prosecution of a case by placing it on the so-called "dead docket," "a procedural device by which the prosecution is postponed indefinitely but may be reinstated any time at the pleasure of the court." Parris v. Taft, 630 F. App'x 895, 899 (11th Cir. 2015) (quoting State v. Creel, 216 Ga. App. 394, 454 (1995)) (internal quotations omitted).

[3] Although the first page of Plaintiff's Complaint indicates that he brings claims "for defamation, false imprisonment, and malicious prosecution" against Defendant, it includes no further mention of—or allegations concerning—the first two of these claims. See Compl. at 1. Therefore, to the extent it was Plaintiff's intention to include claims against Defendant for false imprisonment and/or defamation, the Court considers these claims waived.

### Plaintiff Has Sufficiently Alleged Malicious Prosecution

"To prove a § 1983 malicious prosecution claim, under federal law and Georgia law, a plaintiff must show the following: '(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused.'" Kjellsen v. Mills, 517 F.3d 1232, 1237 (11th Cir. 2008) (quoting Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003)). "Because lack of probable cause is a required element to prove a § 1983 claim for malicious prosecution in violation of the Constitution, the existence of probable cause defeats the claim." Id. Furthermore, "probable cause is required to *continue* a prosecution, not just to arrest a defendant or to institute a prosecution. Id. (citing, *inter alia*, Wood, 323 F.3d at 882 (explaining that "a criminal prosecution . . . continued . . . without probable cause" can be a malicious prosecution)) (emphasis in original).

Here, Plaintiff alleges that he was prosecuted by Defendant with malice and without probable cause, that the prosecution terminated in his favor, and that he was damaged as a result. Whether or not the state's decision to file a *nolle prosequi* demonstrates that an action "terminated in favor" of a plaintiff is generally a fact-intensive inquiry: while "the filing of a *nolle prosequi* by the

5

prosecutor and dismissal of the action by the trial court constitutes prima facie a termination of the prosecution in favor of the person arrested," Pombert v. Glock, Inc., 171 F. Supp. 3d 1321, 1329 (N.D. Ga. 2016) (quoting Bailey v. General Apartment Co., 139 Ga. App. 713, 714 (1976)), "[i]t has long been the rule in Georgia that 'where the termination of the prosecution has been brought about by compromise and agreement of the parties, an action for malicious prosecution can not be maintained,'" Gray v. Dental One Assocs., Inc., 269 Ga. App. 888, 889 (2004) (citing Waters v. Winn, 142 Ga. 138, 140 (1914)).[4]

Plaintiff has sufficiently alleged a claim for malicious prosecution against Defendant. Accordingly, the Court finds that this claim is not frivolous and may proceed.

---

[4] In light of this rule, at least one court in this district has dismissed a plaintiff's malicious prosecution claim at the motion to dismiss stage where the district attorney's underlying motion to *nolle prosequi* "sufficiently state[d] that there was sufficient probable cause for issuance of the warrant against Plaintiff, but that the case should nonetheless be dismissed given Plaintiff's successful completion of some pretrial program." See McDaniel v. Yearwood, No. 2:11-CV-00165-RWS, 2012 WL 526078, at *14 (N.D. Ga. Feb. 16, 2012). However, the record does not currently contain any facts that would allow the Court to evaluate the circumstances under which Plaintiff's *nolle prosequi* was filed. See, e.g., Pombert, 171 F. Supp. 3d at 1329 (distinguishing between cases in which a *nolle prosequi* was "obtained through compromise" from those in which a prosecutor "unilaterally chose" to end a prosecution).

## III. CONCLUSION

After careful review of the Complaint, the Court **FINDS** that Plaintiff's Complaint is **NOT FRIVOLOUS** and Plaintiff may proceed with service of the complaint upon Defendant Jenkins in this matter.

The Clerk is **DIRECTED** to mail Plaintiff USM 285 forms and summons for the Defendant. Plaintiff is **DIRECTED** to complete each of the USM 285 forms and summons and to return those documents to the Clerk within twenty-one (21) days of the date of this Order. Failure to comply with this instruction will result in the dismissal of this action for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.3, NDGa.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare a service waiver package for the Defendant. The service waiver package must include two Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk with adequate first-class postage for Defendant's use in returning the waiver form, one copy of the Complaint, and one copy of this Order. The Clerk shall retain the USM 285 forms and summonses.

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form

and to mail the service waiver package to the Defendant. The Defendant has a duty to avoid unnecessary costs of serving process. If the Defendant fails to comply with the request for waiver of service, he must bear the costs of personal service unless good cause can be shown for failure to waive service.

In the event the Defendant does not return an executed Waiver of Service form to the Clerk within thirty-five (35) days following the date the service waiver package is mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's service a service package for the Defendant. The service package must include the USM 285 form, the summons, and one copy of the complaint. Upon receipt of the service package, the U.S. Marshal's service is **DIRECTED** to use all reasonable efforts to locate and personally serve the Defendant. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve the Defendant or his counsel with a copy of each additional pleading or other documents that Plaintiff files with the Clerk. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to the Defendant or his counsel. The Court will disregard any submitted papers that have not been properly filed with the Clerk or that do not include a certificate of service. Plaintiff is **DIRECTED** to promptly notify the Court and the Defendant of any

8

change in his address while this action is pending.  Failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED** this 11th day of July, 2017.

_____
MARK H. COHEN
United States District Judge