FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 07 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTERN DISTRICT GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Kevin Frazier Arnold, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: |
| ) | |
| V. ) | 1:17-CV-1086-MHC |
| ) | |
| George Jenkins, Jr. in his ) | |
| individual and official capacity ) | |
| as Assistant District Attorney ) | **DEMAND FOR JURY TRIAL** |
| of Fulton County, ) | |
| ) | |
| Defendant. ) | |

**OBJECTION TO WAIVER OF CLAIMS FOR DEFAMATION
AND FALSE IMPRISONMET**

1. On July 10, 2017 Magistrate Alan J. Braverman entered an order for Plaintiff Arnold to proceed *in forma pauperis* in this action and the civil proceeding has been found to be in good standing and with merit. However, the court has determined that Plaintiff Arnold has waived his right to tort claims of defamation and false arrest, due to a failure to fully state his claim.

2. In the Amended Complaint submitted with this objection Arnold has sought to elaborate and define the elements of defamation and false imprisonment.

3. See Amended Complaint(Line 3, page3):

[3.] ADA Jenkins was informed before and after Grand Jury indictment that no crime had occurred. Steven Alphabet is the actual owner of the residence where the alleged crime took place and will testify to these facts. Sabrina Thomas is employed as an Atlanta Police Safety Officer and also a residence of the home; as well, she will testify to these facts. Any subsequent arrest, including detainment by warrant and court restrictions by ankle monitor, constitutes false imprisonment.

4. The Restatement (2nd) of Torts, §31, reads:

(1) An actor is subject to liability to another for false imprisonment if:
(a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and
(b) his act directly or indirectly results in such a confinement of the other, and
(c) the other is conscious of the confinement or is harmed by it.

5. An appellate court can review any issue ruled on by the trial court, even a 'skeletal argument below' may be 'fleshed out and emphasized on appeal' where it is clear

that the trial court recognized and considered the issue. *Bailey v. Int'l Bhd. of Boilermakers*, 175 F.3d 526, 529-30 (7th Cir. 1999)

6. The person about whom the defamatory statement is made must be 'damaged' by the statement. Subsequently, security clearances and job interviews were denied due to background checks which reflected the false criminal allegations.

See Amended Complaint(Line 17, page 10):

> **[17.]** Violation Canon 1: Illegal Judicial Threats & Coercion

Arnold informs the court that their illegal delay, and false accusations (28 U.S. Code § 4101) are a hindrance to security clearances and background checks for IT job opportunities. In turn, Arnold is unable to provide medical care for his ill two-year old son.

3. The term "defamation" means any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person. 28 U.S. Code § 4101.

In consideration of these facts, Plaintiff Arnold would humbly request that the original claims of defamation and false imprisonment be upheld in these proceedings.

***Respectfully submitted August 7, 2017.***
(Original Civil Filing March 24, 2017)

**Kevin Frazier Arnold**
Pro Se Plaintiff

Email: R7press@aol.co.uk
Tel: 678.833.4697
Mailing Address:
970 Sidney Marcus Blvd.
Suite 1105
Atlanta, GA 30324