IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KEVIN FRAZIER ARNOLD,** | |
| **Plaintiff** | |
| v. | CIVIL ACTION NO. |
| | 1:17-CV-1086 |
| **GEORGE JENKINS, in his individual And Official capacity as Assistant District Attorney of Fulton County,** | |
| **Defendant** | |

### DEFENDANT GEORGE JENKINS' BRIEF IN SUPPORT OF HIS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff Kevin Arnold alleges that Fulton County Assistant District Attorney George Jenkins ("Defendant"), in his role as a prosecutor in Plaintiff's burglary case, provided fabricated testimony, withheld unspecified exculpatory evidence, and improperly dismissed his case.  Should this Court grant the Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted, where the Plaintiff's claim against Defendant emanates from the prosecutorial decisions made by the Defendant while prosecuting the Plaintiff?

Yes,  a prosecutor is entitled to absolute immunity for wrongful conduct if it is associated with his role as a prosecutor in the criminal process.  Prosecutors have

absolute immunity for activities that are "intimately associated with the judicial phase of the criminal process." *Hart v. Hodges*, 587 F3d 1288, 1294 (11th Cir. 2009).  All of the Defendant's alleged conduct was intimately associated with his role as the prosecutor responsible for prosecuting the Plaintiff.  Accordingly, this Court should grant the Defendant's Motion to Dismiss.

## **PRELIMINARY STATEMENT**

Plaintiff brings a claim against Defendant pursuant to 42 U.S.C. §1983 for malicious prosecution.  Dkt. 1 at 1.  Plaintiff was charged with burglary in Fulton County Superior Court.  Dkt. 1 at 8-9, ¶ 15.   Jenkins was assigned as prosecutor to the case.  Dkt. 1 at 1.  Plaintiff made multiple court appearances before a Fulton County Superior Court Judge.  Dkt. 1 at 3-5, 7-8, ¶ 4, 7, 10, 14, 15.  A dead docket order was entered in Plaintiff's criminal case.  Dkt. 1 at 6, ¶ 10.

Plaintiff alleges that Defendant, in his role as a Fulton County Assistant District Attorney, provided "perjured testimony on behalf of a complaint" to the Judge in relation to Plaintiff's case during two separate court dates and withheld exculpatory evidence[1].  Dkt. 1 at 2, ¶ 2.  Plaintiff alleges that in one of his court appearances, the Judge led the Defendant in questioning and Defendant responded to the judge's questions with fabricated answers.  Dkt. 1 at  6, ¶ 10.  Plaintiff

---

[1] Plaintiff does not specify the exculpatory evidence that Defendant withheld.

alleges that Defendant was dishonest in reporting to the Judge, that the complainant did not want him to go to jail, but preferred that Plaintiff's case be handled through a Pre-Trial Release. Dkt. 1 at 6, ¶ 10. Plaintiff also alleges that Defendant ignored an affidavit that would have exonerated Plaintiff of the burglary charge. Dkt. 1 at 6, ¶ 10. Plaintiff's case was dead docketed. Dkt. 1 at 6, ¶ 10.

Plaintiff seeks compensatory, consequential, and punitive damages Dkt 1 at. 12. Plaintiff also seeks injunctive relief. Dkt 1 at. 12.

## LEGAL STANDARD

Dismissal is justified when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Bernard v. Calejo*, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998). For purposes of a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b) (6), a complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. *Id*. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Id*, (citing *Marshall County Bd. Of Educ.v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's attempt to state a claim against Defendant fails because the conduct Plaintiff alleges Defendant engaged in was intimately associated with the

judicial phase of the criminal process. Thus Defendant is absolutely immune from any wrongful conduct.

The United States Supreme Court has held that common law gives absolute immunity to prosecutors in §1983 actions for activities that are intimately associated with the judicial phase of the criminal process. *Hart v. Hodges*, 587 F.3d 1288 (11th Cir. 2009); see also *Van de Kamp v. Goldstein*, 555 U.S. 335, 348-349 (2009).  The immunity covers conduct by the prosecutor which occurs in his role as an advocate for the State, to include a prosecutor proffering perjured testimony or fabricated exhibits during the course of a judicial proceeding. *Rehberg v. Paulk*, 611 F. 3d 828, 838 (11th Cir. 2010).  Absolute immunity even extends to suppressing exculpatory evidence.  *Hodges,* 587 F.3d at 1295.

Assuming the allegations by Plaintiff are true, Plaintiff alleges that during separate court hearings, Defendant fabricated testimony, withheld exculpatory evidence, and improperly nolle prossed his case.   Defendant's conduct took place during judicial proceedings and was an intimate part of his role as an advocate for the state.  It does not matter if the Defendant was wrongful or malicious in his conduct, absolute immunity still applies. *Hodges*, 587 F.3d at 1298.  As such absolute immunity exempts Defendant from liability.  Accordingly, Plaintiff's Petition must be dismissed as a matter of law.

## CONCLUSION

For the aforementioned reasons, Defendant George Jenkins motion to dismiss should be GRANTED because Plaintiff has failed to state a claim for relief.

This 10th day of October 2017.

    Respectfully submitted,

    **OFFICE OF THE FULTON COUNTY ATTORNEY**

    Patrise Perkins-Hooker
    County Attorney
    Georgia Bar No. 572358

    Kaye W. Burwell
    Deputy Attorney
    Georgia Bar No. 775060

    Ashley Palmer
    Senior Assistant County Attorney
    Georgia Bar No. 603514

    /s/ Nancy Ladson Rowan
    Nancy Ladson Rowan
    Assistant County Attorney
    Georgia Bar No. 431076

141 Pryor Street
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KEVIN FRAZIER ARNOLD,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO.** |
| v. : | |
| : | **1:17-CV-1086** |
| **GEORGE JENKINS, in his individual** : | |
| **And Official capacity as Assistant** : | |
| **District Attorney of Fulton County,** : | |
| : | |
| **Defendant** : | |

## CERTIFICATE OF SERVICE

THIS CERTIFIES that on October 10, 2017, I have presented this document in Times New Roman, 14 point type, and that I have electronically filed the foregoing **DEFENDANT GEORGE JENKINS' BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** with the Clerk of Court using the CM/ECF system, and will provide mail notification to the *pro se* Plaintiff listed below:

Kevin Frazier Arnold
970 Sidney Marcus Blvd.,
Suite 1105
Atlanta, Georgia 30324

This 10th day of October, 2017.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

***/s/ Nancy Rowan***
Nancy Rowan
Assistant County Attorney
Georgia State Bar No.: 431076
Nancy.Rowan@fultoncountyga.gov

141 Pryor Street
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)