IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVIN FRAZIER ARNOLD,

      Plaintiff,

v.

GEORGE JENKINS, JR., in his
individual and official capacity as
Assistant District Attorney of Fulton
County,

      Defendant.

CIVIL ACTION FILE

NO. 1:17-CV-1086-MHC

## ORDER

This case comes before the Court on Plaintiff Kevin Frazier Arnold's

Motion for Leave to File an Amended Complaint [Doc. 11] and Defendant George

Jenkins Jr.'s Motion to Dismiss [Doc. 15].

## I.    BACKGROUND

Plaintiff's *pro se* Complaint is based on his allegedly malicious prosecution

by Fulton County Assistant District Attorney George Jenkins, Jr.  Compl. [Doc. 4]

¶¶ 1-2.[1]  Although the Complaint is somewhat hard to follow, it appears that,

---

[1] The Court previously found that Plaintiff's Complaint was not frivolous.  See
July 11, 2017 Order [Doc. 10] ("July 11 Order").

sometime on or about June 16, 2013, Plaintiff was charged with the offense of burglary under O.C.G.A § 16-7-1, at which point he appeared in court[2] and "clearly and adamantly refuse[d] any and all proffered deals." Id. ¶ 3.  Plaintiff does not appear to have been incarcerated following this court appearance; instead, he alleges that subsequent court dates related to his burglary charge in May and June of 2014 were "postponed," during which time he was neither arrested nor was told that a warrant had been issued for his arrest. Id. ¶ 4.  However, it appears that a warrant did eventually issue: according to the Complaint, Plaintiff was ultimately remanded into custody based on an outstanding warrant in his burglary case after he was hospitalized following a car accident in July 2014. Id. ¶ 5.

Plaintiff devotes the majority of his Complaint to airing a number of grievances with the judge, defense attorney, and prosecutor (Defendant) in his state case.  Although few of these facts appear to have much, if any, relationship to Plaintiff's malicious prosecution claim, Plaintiff does allege in relevant part that, after his case was initially "dead docketed,"[3] he was ultimately "forced to sign

---

[2] It is unclear from the Complaint whether Plaintiff first appeared in court pursuant to an arrest.

[3] In Georgia, the state may indefinitely postpone the prosecution of a case by placing it on the so-called "dead docket," "a procedural device by which the prosecution is postponed indefinitely but may be reinstated any time at the pleasure

2

Nolle Prosequi [sic] under coercion & duress." Id. ¶¶ 10, 15.  Plaintiff further

alleges that none of the parties involved in his case—including Defendant—took

the time to "research[]" any of the "irrefutable facts" that would have shown that

he did not commit burglary, that his arrest was unsupported by probable cause, and

that Defendant perjured testimony, withheld exculpatory evidence, and

"encouraged and caused the criminal charges and prosecution to be brought, not

out of a belief that probable cause existed . . . , but rather for unconstitutional

purposes and to attempt to punish Plaintiff[.]" Id. ¶¶ 2, 17, 22-24.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a

"short and plain statement of the claim showing that the pleader is entitled to

relief."  Under Federal Rule of Civil Procedure 12(b)(6), a claim will be dismissed

for failure to state a claim upon which relief can be granted if it does not plead

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 547 (2007).  The Supreme Court has explained this

standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual
> content that allows the court to draw the reasonable inference that the

---

of the court." Parris v. Taft, 630 F. App'x 895, 899 (11th Cir. 2015) (quoting State
v. Creel, 216 Ga. App. 394, 454 (1995)) (internal quotations omitted).

3

> defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

At the motion to dismiss stage, the court accepts all well-pleaded facts in the plaintiff's complaint as true, as well as all reasonable inferences drawn from those facts. McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004); Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). Not only must the court accept the well-pleaded allegations as true, but these allegations must also be construed in the light most favorable to the pleader. Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011). However, the court need not accept legal conclusions, nor must it accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678. Thus, evaluation of a motion to dismiss requires the court to assume the veracity of well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

4

## III.    DISCUSSION

### A.    Defendant's Motion to Dismiss

Defendant has filed a motion to dismiss is which he argues that, as a

prosecutor, he is entitled to absolute immunity on Plaintiff's malicious prosecution

claim.  The Eleventh Circuit has clearly held as follows:

> [O]ur circuit has emphasized that, "[a] prosecutor enjoys absolute
> immunity from allegations stemming from the prosecutor's function
> as advocate." Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).
> Such absolute immunity "extends to a prosecutor's acts undertaken in
> preparing for the initiation of judicial proceedings or for trial, and
> which occur in the course of his role as an advocate for the State." Id.
> (quotation marks omitted); accord Rowe v. City of Fort Lauderdale,
> 279 F.3d 1271, 1279 (11th Cir. 2002).  "Although absolutely immune
> for actions taken as an advocate, the prosecutor has only qualified
> immunity when performing a function that is not associated with his
> role as an advocate for the state." Jones, 174 F.3d at 1281-82; accord
> Rowe, 279 F.3d at 1279-80 (prosecutor who proferred perjured
> testimony and fabricated exhibits at trial is entitled to absolute
> immunity, but a prosecutor who participated in the search of a
> suspect's apartment is entitled to only qualified immunity).
> Prosecutors have absolute immunity when "filing an information
> without investigation, filing charges without jurisdiction, filing a
> baseless detainer, offering perjured testimony, suppressing
> exculpatory evidence, refusing to investigate ... complaints about the
> prison system, [and] threatening . . . further criminal prosecution[.]"
> Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979); accord Marx v.
> Gumbinner, 855 F.2d 783, 789 n.10, 790 (11th Cir. 1988) (concluding
> that prosecutors have absolute immunity for rendering legal advice to
> police officers concerning the existence of probable cause to arrest).

Hart v. Hodges, 587 F.3d 1288, 1295 (11th Cir. 2009) (footnote omitted)

(emphasis added).

As noted above, Plaintiff alleges that Defendant fabricated testimony, withheld exculpatory evidence, and improperly dismissed his case. See Compl. ¶¶ 2, 17, 22-24.  However, because Defendant is alleged to have undertaken all of the above acts in his role as an advocate for the state, Defendant is entitled—even if all of Plaintiff's allegations are true—to absolute immunity.  Accordingly, Plaintiff's claim for malicious prosecution is **DISMISSED**.

### B.    Plaintiff's Motion to Amend

Plaintiff has also filed a motion requesting leave to amend his Complaint in which he "[seeks] to elaborate and define the elements of defamation and false imprisonment," counts which the Court previously concluded were waived. See Pl.'s Mot. to Amend at 1-2.  In its previous Order finding Plaintiff's Complaint not frivolous, the Court explained:

> Although the first page of Plaintiff's Complaint indicates that he brings claims "for defamation, false imprisonment, and malicious prosecution" against Defendant, it includes no further mention of—or allegations concerning—the first two of these claims.  Therefore, to the extent it was Plaintiff's intention to include claims against Defendant for false imprisonment and/or defamation, the Court considers these claims waived.

July 11 Order at 4 n.4.

Notwithstanding his claims to the contrary, however, it does not appear that Plaintiff actually has alleged any new facts in his proposed Amended Complaint

6

[Doc. 11-1] that would support his claims for defamation or false imprisonment, nor has Plaintiff amended his claims for relief to include these counts.[4] Furthermore, although Plaintiff also represents that "dates have been corrected to provide an adequate timeline, and additional exculpatory evidence and witnesses have been noted" in his proposed Amended Complaint, this new information has no bearing on the Court's analysis of Plaintiff's claim for malicious prosecution.

Accordingly, to the extent Plaintiff seeks to state claims for false imprisonment and defamation in his Motion to Amend, the motion is **DENIED**.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant George Jenkins Jr.'s Motion to Dismiss [Doc. 15] is **GRANTED** and that Plaintiff's Complaint [Doc. 4] is **DISMISSED**.  It is further **ORDERED** that Plaintiff Kevin Frazier Arnold's Motion for Leave to File an Amended Complaint [Doc. 11] is **DENIED**.

The Clerk is **DIRECTED** to close this case.

---

[4] In relevant part, Plaintiff's proposed Amended Complaint has been amended to allege generally that "any arrest, including detainment by warrant and court restrictions by ankle monitor" following his grand jury indictment "constitutes false imprisonment." See Am. Compl. ¶ 3.  However, even construing the facts in the light most favorable to Plaintiff, the Court is unable to discern the specific act(s) to which this statement relates—or, alternatively, whether Plaintiff intended to assert multiple false imprisonment claims.

**IT IS SO ORDERED** this 2nd day of November, 2017.

MARK H. COHEN
United States District Judge